IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KEVIN LAYNE HINDS | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0035-B |
| | § | |
| RICHARD B. ROPER III, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Richard Roper III, Irma Carrillo Ramirez, Karen Lynne Mitchell, Robert Casey, Jr., Dianna Strain, Michael VanMeter, and Christopher Jancosko, collectively referred to as the "federal defendants," have filed a motion to dismiss this *pro se* civil action for lack of subject matter jurisdiction and for failure to state a claim or, alternatively, a motion for summary judgment. For the reasons stated herein, plaintiff's claims against the federal defendants should be dismissed for lack of subject matter jurisdiction and his claims against the other defendants should be remanded to Texas state court.

I.

On or about October 27, 2006, agents of the Federal Bureau of Investigation ("FBI") obtained a federal search warrant for the residence located at 1406 Somerset Place, Richardson, Texas, owned by Plaintiff Kevin Layne Hinds. The warrant was executed by federal and state law enforcement officers on October 31, 2006. After nearly a three-hour standoff, officers forced entry into plaintiff's home and seized various items of property as authorized by the warrant. Plaintiff was provided with a copy of the search warrant and an inventory of items seized.

On December 8, 2006, plaintiff filed suit in Texas state court against nine federal and state employees who were involved, either directly or indirectly, in issuing the warrant or searching his residence. The federal defendants are: (1) U.S. Magistrate Judge Irma Carrillo Ramirez; (2) Karen Lynn Mitchell, Clerk of the U.S. District Court for the Northern District of Texas; (3) Richard Roper III, U.S. Attorney for the Northern District of Texas; (4) and FBI Agents Robert Casey, Jr., Dianna Strain, Michael VanMeter, and Christopher Jancosko. The state defendants are Dallas County Sheriff Lupe Valdez and Larry Zacharias. Significantly, plaintiff does not allege that any of the defendants violated his federal constitutional rights. Nor does plaintiff assert any claim arising under federal law. Instead, his state court pleading, entitled "Original Petition for Replevin," alleges that defendants:

> violated my unalienable rights by trespassing, <u>without my consent</u>, against me, against my duly noticed private land to which I hold both legal and equitable title, against my duly noticed private domicile and against <u>my title</u> to my private, intellectual property.

(*See* Plf. Orig. Pet. at 7-9, ¶¶ 12-20 & *id.* at 16-20, ¶¶ 44-61) (emphasis in original). As relief, plaintiff seeks a writ of replevin and money damages in the amount of $50,000 per day until his property is returned. (*See id.* at 27-29, ¶ 114). After timely removing the case to federal court,[1] the federal defendants filed a motion to dismiss or, alternatively, for summary judgment. Plaintiff has

---

[1] The federal defendants removed the case under the Federal Tort Claims Act, as amended by the Federal Employees Liability Reform and Tort Compensation Act, commonly known as the Westfall Act, which provides, in pertinent part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2). Subsequent to removal, the Attorney General certified that the federal defendants were acting within the scope of their office or employment at all times relevant to this suit.

not filed a written response to the motion. The court therefore considers the motion without the benefit of a response.

II.

A complaint must be dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998), *quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). The Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial and the court need look only to the sufficiency of the allegations of plaintiff's complaint, which are presumed to be true. *Id.* A motion to dismiss should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n*, 143 F.3d at 1010; *see also Guzman v. Dallas Co. Sheriff*, No. 3-02-CV-1490-P, 2002 WL 32508212 at *1 (N.D. Tex. Oct. 8, 2002).

A.

Plaintiff sues the federal defendants for trespass--a tort under Texas common law. Such a claim is deemed to be an action against the United States and must be brought under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2679(d)(2). Under the FTCA, the United States has waived sovereign immunity and consented to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* § 1346(b)(1); *see also Cross v. United States*, 159

Fed.Appx. 572, 575, 2005 WL 3477545 at *2 (5th Cir. Dec. 20, 2005). However:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). Presentment of a claim to the appropriate federal agency is a jurisdictional prerequisite to a tort suit against the United States. *See Cook v. United States Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992); *Brewer v. United States*, No. 3-06-CV-1615-BD, 2007 WL 1953474 at *2 (N.D. Tex. Jun. 27, 2007) (Kaplan, J.). A claimant may not file suit against the federal government on a tort claim that has not been presented to, and finally denied by, the appropriate federal agency. *See Lee v. Lomboy*, No. 3-98-CV-2304-BD, 2000 WL 140778 at *1 (N.D. Tex. Feb. 7, 2000) (Kaplan, J.) (citing cases).

B.

In their motion to dismiss, the federal defendants allege that plaintiff never filed an administrative claim with the appropriate federal agency before filing suit in Texas state court. Because exhaustion is a jurisdictional prerequisite to bringing a claim for money damages against the United States under the FTCA,[2] plaintiff has the burden of proof on this issue. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 2665 (2002). Plaintiff has failed to allege any facts in his complaint which, if proved, would establish that he has exhausted his administrative remedies. Consequently, all claims against the federal defendants must be dismissed

---

[2] To the extent plaintiff seeks a writ of replevin and other equitable relief, such remedies are not available under the FTCA. *See Smith v. Potter*, 187 F.Supp.2d 93, 98 (S.D.N.Y. 2001) (citing cases) ("Money damages are the only form of relief permitted under the FTCA.").

for lack of subject matter jurisdiction. *See Guzman*, 2002 WL 32508212 at *1 (granting Rule 12(b)(1) motion to dismiss where plaintiff failed to allege that he presented his tort claim to appropriate federal agency before filing suit against INS).

### III.

A district court has discretion to remand a case after the claims that gave rise to federal jurisdiction and to removal have been dismissed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed.2d 720 (1988); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338-39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim that was completely preempted by federal law). Without the federal defendants as parties, there is no independent basis for federal subject matter jurisdiction. This case is still in the early stages of litigation and has not been set for trial. No discovery has been conducted and neither the parties nor the court has expended significant resources on the merits of the case. In view of the dismissal of plaintiff's claims against the federal defendants, his state law claims against Dallas County Sheriff Lupe Valdez and Larry Zacharias should be remanded to Texas state court.

### **RECOMMENDATION**

The federal defendants' motion to dismiss [Doc. #17] should be granted. All claims against Richard Roper III, Irma Carrillo Ramirez, Karen Lynne Mitchell, Robert Casey, Jr., Dianna Strain, Michael VanMeter, and Christopher Jancosko should be dismissed for lack of subject matter jurisdiction. Plaintiff's claims against Dallas County Sheriff Lupe Valdez and Larry Zacharias should be remanded to state court for further proceedings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 9, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE